UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80866-CIV-MARRA

DANIELLE CHILES,
a/k/a Danielle Silva,

Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, JANET
NAPOLITANO, Secretary, U.S. Department
of Homeland Security, ALEJANDRO
MAYORKAS, Director, United States
Citizenship and Immigration Services,
KATHY REDMOND, District Director,
United States Citizenship and Immigration
Services, Tampa, Florida,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants U.S. Citizenship and Immigration Services, Janet Napolitano, Alejandro Mayorkas and Kathy Redmond's ("Defendants") Motion to Dismiss (DE 17).  The motion is fully briefed and ripe for review.  The Court held oral argument on the motion.  The Court has carefully considered the motion, the argument of counsel, and is otherwise fully advised in the premises.

I.  Background

The Amended Complaint seeks declaratory and mandamus relief from the determination that Plaintiff Danielle Chiles ("Plaintiff") is still in removal proceedings before the Executive Office for Immigration Review ("EOIR") and therefore the United States Citizenship and

Immigration Services ("USCIS") does not have jurisdiction to adjust her status to that of a lawful permanent resident of the United States. Plaintiff petitions for declaratory and mandamus relief to compel Defendants to find that Plaintiff is no longer subject to removal proceedings and to order Defendants to reopen and readjudicate her application to register permanent residence or adjust status (I-485), and upon approval, adjust her status to that of a lawful permanent resident of the United States. (Am. Compl. ¶ 1.)

According to the allegations of the Amended Complaint, on or about January 1, 2002, Plaintiff, a citizen of Brazil, was admitted to the United States as a B-2 nonimmigrant visitor at Miami, Florida. (Am. Compl. ¶¶ 4, 18; Ex. 1.) On or about May 1, 2003, Plaintiff was placed in removal proceedings and, on September 10, 2004, was granted withholding of removal by Immigration Judge Seymour R. Kleinfeld in Miami, Florida.[1] (Am. Compl. ¶¶ 19-20; Exs. 2-3.) On or about October 18, 2004, Plaintiff filed an appeal of her denial of her application for asylum to the Board of Immigration Appeals ("BIA"), which was denied as untimely on March 8, 2005. (Am. Compl. ¶¶ 21-22; Ex. 4.)

Plaintiff married Todd Chiles, a United States citizen, on December 21, 2005. (Am. Compl. ¶ 23; Ex. 5.) Mr. Chiles filed a Petition for Alien Relative (I-130) on Plaintiff's behalf and Plaintiff simultaneously filed an I-485. (Am. Compl. ¶ 24; Ex. 6.) The I-130 was approved on April 13, 2007. (Am. Compl. ¶ 25; Ex. 7.) That same date, the USCIS administratively closed Plaintiff's I-485 application based on the belief that Plaintiff was in removal proceedings. (Am. Compl. ¶ 26; Ex. 8.) Plaintiff filed a new I-485 application on October 14, 2007. (Am.

---

[1] Withholding of removal prevents the government from removing Plaintiff to Brazil. See 8 C.F.R. § 1208.16(f).

Compl. ¶ 27; Ex. 9.) On or about November 19, 2007, Plaintiff's prior counsel filed a motion for review with the Immigration Court to obtain a copy of the BIA decision granting Plaintiff's withholding of removal. (Am. Compl. ¶ 28; Ex. 10.) On or about June 11, 2008, USCIS administratively closed Plaintiff's second I-485 due to the belief that Plaintiff was in removal proceedings. This decision was based, at least partially, on prior counsel's request to obtain a copy of the BIA decision granting Plaintiff's withholding of removal. (Am. Compl. ¶ 29; Ex. 11.)

Defendants move to dismiss the First Amended Complaint. In so moving, Defendants contend that the Court lacks subject matter jurisdiction to review the issues raised in the complaint. Furthermore, Defendants also contend that Plaintiff is not entitled to a writ of mandamus to adjust her status to that of a lawful permanent resident because USCIS lacks the authority to grant her application. Finally, Defendants argue that Plaintiff's claim pursuant to the Administrative Procedure Act fails for the same reason as her mandamus claim.

II.  Legal Standard

Where a motion to dismiss is made on the basis of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, subject matter jurisdiction may be attacked either facially or factually. See McElmurray v. Consolidated Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial attack on a complaint, the Court takes all the allegations in the complaint as true in order to determine whether a plaintiff has adequately alleged a basis for subject matter jurisdiction. Lawrence, 919 F.2d at 1528-29. Here, Defendants are making a facial attack on the complaint and the Court will take all the allegations in Plaintiff's complaint as true.

III.  Discussion

The question before the Court can be stated as follows: Does USCIS have jurisdiction over Plaintiff's I-485 application, or is Plaintiff still in a removal proceeding before EOIR because the order withholding her removal was not final?  After careful consideration, the Court has determined that Plaintiff's EOIR proceeding was not final.  As a result, Plaintiff is still in a removal proceeding and, therefore, USCIS does not have jurisdiction over her application.  As such, Defendant's motion to dismiss is granted and Plaintiff's First Amended Complaint is dismissed.

In making this determination, the Court turns first to the Matter of I-S-& C-S-, 24 I. & N. Dec. 432 (BIA 2008).  In that case, the immigration judge found the non-citizens removable and granted their applications for withholding of removal.[2]  The immigration judge failed to identify a country to which the non-citizens could be removed and failed to issue an order of removal before ordering the withholding of removal.  Id. at 433.  Because an order of removal was not entered, the court in I-S- & C-S- held that the immigration judge had not entered an order leading to the final conclusion of the removal proceedings.  Id. at 433.  Furthermore, the court held that a grant of withholding of removal "does not afford the respondents any permanent right to remain in the United States."  Id. at 434 citing INS v. Aguirre-Aguirre, 526 U.S. 415, 419-20 (1999); Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004) ("indicating that unlike an application for asylum, a grant of an alien's application for withholding is not a basis for adjustment to lawful permanent resident status and only prohibits removal of the alien to the country of risk but not to

---

[2] The immigration judge also found their applications for asylum untimely filed.  Id. at 432.

<br>

another country"). Significantly, both EOIR and USCIS are bound by BIA precedent. 8 C.F.R. § 1003.1(d)(1)("the Board, through precedent decisions, shall provide clear and uniform guidance to the Service, the immigration judges, and the general public on the proper interpretation and administration of the Act and its implementing regulations").

In this procedural posture, that being a non-final removal proceeding, any change in Plaintiff's status must be determined by EOIR, the court where Plaintiff's removal case began but has not yet concluded. Id. at 433. To the extent that Plaintiff seeks to undo any ruling by the EOIR court by pursuing relief before the USCIS, this Court cannot grant such relief. To do so would result in allowing Plaintiff to seek a ruling from one agency that could undo the finding of another agency. Nor is it likely the result Plaintiff seeks would be achieved in USCIS due to the binding precedent of I-S- & C-S-. Even assuming USCIS granted Plaintiff's application for permanent residence in contravention of the holding in I-S- & C-S-, such a ruling would interfere with the government's ability to remove Plaintiff to a safe third country. Indeed, it is for that reason that the pertinent regulations require people that are subject to proceedings, like Plaintiff, to file their applications to adjust status with EOIR, so that EOIR can consider the requested relief together with potential removal from the country. See 8 C.F.R. §§ 245.2(a)(1),[3] 1245.2(a)(1).[4]

---

[3] USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 CFR 1245.2(a)(1). 8 C.F.R. § 245.2.

[4] In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file. 8 C.F.R. § 1245.2(a)(1).

For these same reasons, Plaintiff fares no better with her writ for mandamus. "Mandamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." Lifestar Ambulance Svc., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004) citing Heckler v. Ringer, 466 U.S. 602 (1984). Clearly, USCIS does not owe Plaintiff a nondiscretionary duty. As stated supra, under the binding authority of I-S- & C-S-, Plaintiff remains in removal proceedings and therefore USCIS has no duty to adjudicate her I-485 application. See also Elkins v. Moreno, 435 U.S. 647, 667 (1978) ("the adjustment of status is a matter of grace, not right"); Scheerer v. United States Attn'y Gen., 513 F.3d 1244, 1253 (11th Cir. 2008) ("adjustment of an alien's status . . . is a discretionary form of relief").[5] Moreover, Plaintiff has not demonstrated that she exhausted all other avenues of relief. Plaintiff could have asked the immigration judge to reopen the proceedings *sua sponte* or with the consent of the Immigration and Customs Enforcement.[6] 8 C.F.R. § 1003.23(b)(1) and (b)(4)(iv). For all these reasons, the Court finds that there are no grounds to issue a writ of mandamus.

---

[5] Given that an Administrative Procedure Act ("APA") claim can proceed only where a plaintiff asserts an agency failed to take a *discrete* agency action that it is *required to take*, Plaintiff's APA claim fails for the reason that the USCIS does not owe her a duty to adjudicate her I-485 application. Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (emphasis in original).

[6] The regulations also provide that Plaintiff could seek to reopen her case with the immigration judge within 90 days of the date of entry of a final order of removal. 8 C.F.R. § 1003.23(b). Despite Defendants' refusal to concede the point at oral argument, the Court believes Defendants are not in a position to argue at the administrative level that Plaintiff is time barred from seeking to reopen her case with the immigration judge.

IV. Conclusion

Accordingly, for the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE 17) is **GRANTED**.  The Court finds that any attempt by Plaintiff to amend her complaint would be futile.  The Court shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of June, 2010.

_____
KENNETH A. MARRA
United States District Judge